UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ARIEL ZOMOZA, as parent, natural guardian,
and next friend, of MANUEL ZOMOZA, a minor child,

     Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff ARIEL  ZOMOZA, as parent, natural guardian, and next friend of MANUEL

ZOMOZA, a minor child, ("ZOMOZA"), sues  Defendant, United States of America and states

as follows:

## **GENERAL ALLEGATIONS**

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Plaintiff  Zomoza is a citizen of Miami-Dade County, Florida and *sui juris*.

3. Defendant UNITED STATES is a governmental body within the meaning of 28 U.S.C. § 2671, *et seq*.

4. This Court has jurisdiction over this action pursuant to the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.)* and 28 U.S.C. §1346(b)(1) ("FTCA").

5. The claims alleged herein are brought pursuant to the FTCA and the Florida Medical Malpractice Act, Fla. Stat. § 766.201, *et seq.*

6. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Florida.

7. All conditions precedent to the filing of this action have been performed, waived, or satisfied.

8. Zomoza has timely complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by serving notice of his claim on both the Miami Beach Community Health Center and the United States Department of Health and Human Services less than two years after the incident forming the basis of this suit.  A copy of *Standard Form 95 is attached as Exhibit 1.*

*9.* In addition, counsel for Zomoza has made a reasonable investigation as permitted by the circumstances and has determined that there are good grounds for a good faith belief that there has been negligence in the care and treatment of Manuel Zomoza.  A *Copy of the Notice of Intent Letter is attached hereto as Exhibit 2.*

10. The Plaintiff has complied with Florida Statute 766.104(1) which provides that the Complaint or initial pleading shall contain a certificate of counsel which states that such reasonable investigation gave rise to a good faith belief that grounds exist for a cause of action against the named Defendants.  *Attached is a Certificate of Counsel marked Exhibit 3.*

11. Zomoza is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Health and Human Services October 24, 2016 notice of "final denial of administrative claim."  A copy of the *Administrative Tort Claim Denial Letter is attached as Exhibit 4.*

12. At all times relevant hereto, the United States Department of Health & Human Services ("Department of Health & Human Services") was an agency of the United States within the meaning of 28 U.S.C. §2671, *et seq.*

13. At all times relevant hereto, The United States owned, controlled and operated the Miami Beach Community Health Care Center located at 1221 71st Street, Miami Beach, Florida 33141 through the Department of Health & Human Services.

14. Defendant, United States, including its directors, officers, operators, administrators, employees, agents, and staff at the Miami Beach Community Health Center are hereinafter collectively referred to as "Miami Beach Community Health Center" or "MBCHC."

15. At all times relevant to this action, The MBCHC held itself out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

16. At all times material to this action, the directors, officers, operators, administrators, employees, agents, and staff of the MBCHC were employed by and/or acting on behalf of the United States or its agencies..  Furthermore, the United States is responsible for the negligent acts of its employees and agents under the doctrine of respondeat superior.

17. At all times material hereto, Manuel Zomoza was the natural son of Ariel Zomoza.

18.  At all times material hereto, MBCHC was a Florida not for profit corporation, authorized and doing business in Miami Beach, Florida.

19. At all times material hereto, Miami Beach Community Health Center under Section 330 of the Public Health Service Act, and pursuant to section 224(h) of Public Health

Service Act 42, U.S.C. 233(h) as amended by Federally Supported Health Centers Assistance Act of 1995 (Pub. L. 104-73), MBCHC, employed Karen Rosado, M.D.

20. At all times material hereto, Karen Rosado, M.D. was an officer, director, employee, representative, agent and/or borrowed servant of Miami Beach Community Health Care Center, who was acting within the natural and/or apparent course and scope of her employment and/or agency relationship with MBHCC.

21. On or about July 29, 2013, Manuel Zomoza was born in good health.

22. On or about July 15, 2013,  Manuel Zomoza's parents took him to MBHCC for a routine well-child exam.  MBHCC remained Manuel's pediatrician throughout 2015.

23. On or about February 16, 2015, Manuel Zomoza presented to MBHCC with complaints of nose and chest congestion, and cough.  Manuel was diagnosed by one or more of the doctors employed by MBHCC with acute bronchitis and was discharged that same day.

24. On or about February 21, 2015, Manuel Zomoza's parents took him to the emergency room at Joe DiMaggio Children's Hospital for evaluation of persistent fever.  The history taken revealed fever onset of 2 days prior to evaluation (2/19).  The records from Joe DiMaggio Children's Hospital were sent to MBHCC.

25. On or about February 22, 2015, Manuel Zomoza's parents took him to the emergency room at Joe DiMaggio Children's Hospital for evaluation of continued fever.  The records from Joe DiMaggio Children's Hospital were sent to MBHCC.

26. On or about February 24, 2015, Manuel Zomoza's parents returned with him to MBHCC, where they had him evaluated for  decreased appetite and continued fever. During that visit,  Dr. Rosado was made aware that Manuel Zomoza began exhibiting

symptoms of cough and congestion as far back as February 16, 2015, and had a fever

dating back to February 19, 2015.  Manuel Zomoza was discharged that same day.

27. On or about February 25, 2015, Manuel Zomoza's parents returned with him  to

Miami Beach Health Care Center where they had him evaluated for a rash.  Once

again, Manuel Zomoza was discharged.

28. On or about February 28, 2015, Manuel Zomoza's parents took him to Joe DiMaggio

Children's Hospital to be evaluated for a persistent fever.  The records from Joe

DiMaggio Children's Hospital, including the records from that visit, were sent to

Miami Beach Health Care Center.  A review of the records by the doctors and medical

personnel at MBHCC would have indicated that Manuel Zomoza had a persistent

fever and an elevated heart rate.

29. On or about March 4, 2015, Manuel Zomoza's parents again took him to MBHCC,

reporting that he was suffering from  persistent fever and an elevated heart rate.

Manuel was diagnosed with a viral infection.

30. On or about March 6, 2015, Manuel Zomoza suffered a stroke and was admitted to

Jackson Memorial Hospital.

31. On or about March 7, 2015, Manuel Zomoza was diagnosed as having a stroke

associated with bacterial endocarditis, due to Kingella Kingae.

32. On or about February 23, 2016,  Manuel Zomoza's father, Ariel Zomoza, placed

MBHCC on notice of a claim for medical malpractice.

33. On or about July 7, 2016, MBHCC denied liability for the subject malpractice action.

*A copy of the denial letter dated July 7, 2016 is attached as Exhibit 5.*

*34.* On or about September 6, 2016, Ariel Zomoza, on behalf of Manuel Zomoza and
pursuant to 28.C.R.F. §14.9, filed a Notice of Reconsideration of the July 7, 2016
denial letter.. *A copy of the Reconsideration Letter is attached as Exhibit 6.*

35. On or about October 24, 2016, pursuant to 28 U.S.C. §2041(B), the United States
issued a letter denying reconsideration of the subject malpractice claim.

## COUNT 1 – NEGLIGENT HIRING

36.  Plaintiff realleges and reincorporates each and every allegation above as if fully set
forth herein.

37.   Defendant United States owed a duty to Manuel Zomoza to make an appropriate
investigation of Dr. Rosado and the employees who treated Manuel Zomoza and failed
to do so.

38.  An appropriate investigation would have revealed the unsuitability of Dr. Rosado and
the other employees who treated Manuel Zomoza for the particular duty to be
performed or for employment in general.

39.  It was unreasonable to hire the employees who treated Manuel Zomoza in light of the
information they knew or should have known.

40.  The United States breached its duty to Zomoza by negligently hiring incompetent,
inexperienced, and/or qualified operators, administrators, employees, agents and staff,
including Dr. Rosado.

41.  As a direct and proximate result of Defendant's negligent hiring, Manuel Zomoza
sustained serious and permanent personal injuries in and about his body; he has
incurred medical expenses, and other damages, and will continue to incur medical
expenses, and other damages in the future; he was forced to endure pain, suffering, and

mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

## COUNT II –NEGLIGENT RETENTION

42.  Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

43.  The United States knew or should have known that the employees who treated Manuel Zomoza, including Dr. Rosado, were unfit for their position and posed a risk of harm to third persons such as Zomoza.

44.  The United States retained the employees who treated Manuel Zomoza, including Dr. Rosado, even after they knew or should have known they were unfit.

45.  The unfitness of the employees who treated Manuel Zomoza proximately caused his injuries.

46.  As a direct and proximate result of Defendant's negligent retention of the employees who treated Manuel Zomoza, including Dr. Rosado, Manuel Zomoza sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

### COUNT III—NEGLIGENT TRAINING AND SUPERVISION

47.  Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

48.  The United States owed a duty to Manuel Zomoza to exercise reasonable care in training and supervising its medical personnel, including Dr. Rosado and the medical personnel who treated Manuel Zomoza at the MBHCC.

49.  The United States breached its duty to Manuel Zomoza by failing to adequately train or supervise the medical personnel who treated Manuel Zomoza at the MBHCC, including Dr. Rosado.

50.  As a direct and proximate result of Defendant's negligent retention of the employees who treated Manuel Zomoza, including Dr. Rosado, Manuel Zomoza sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering, and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

## COUNT IV – NEGLIGENCE (VICARIOUS LIABILITY)

51.  Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

52.  At all times material hereto, MBHCC and its agents and employees, including Dr. Rosado, owed a duty to  treat Manuel Zomoza in accordance with the accepted and prevailing standard of care for Health Care Centers practicing in Dade County, Florida and/or any other similar medical community.

53.  Notwithstanding the above described duty, MBHCC and its agents or employees, including Dr. Rosado, failed to comply with the minimum standards of care observed by community health centers in the community and breeched said duty by committing one or more of the following acts of commission, and/or omission:

     a)     Negligently and carelessly failing to properly diagnose and treat Manuel Zomoza;

     b)     Negligently and carelessly failing to order lab tests;

     c)     Negligently and carelessly failing to order cardiac evaluation;

     d)     Negligently and carelessly failing to adequately examine the Plaintiff;

     e)     Negligently and carelessly failing to order and/or administer appropriate tests and/or follow up examinations of such quality that within a reasonable degree of medical probability, would have disclosed the severity and/or true nature of the Plaintiff's condition;

     f)     Negligently and carelessly failing to provide adequate medical attention;

54.  As a direct, proximate, and foreseeable result of the negligence of MBHCC and its agents or employees, including Dr. Rosado, as more fully described herein, Manuel Zomoza was caused to suffer the following items of damages:

     a)     Past, present, and future disability, discomfort, disfigurement, inability to lead a normal life, shame, humiliation and scarring;

b)     Past, present, and future physical and mental pain and suffering;

c)     Past, present, and future medical and related expenses;

d)     Past, present, and future loss of earnings and earning capacity;

e)     Past, present, and future aggravation of a pre-existing condition.

55. The injuries suffered by Manuel Zomoza are permanent and continuing in their nature, and the Plaintiff has suffered in the past and will continue to suffer in the future.

56. MBHCC is vicariously liable for the negligence of its agents and employees who treated Manuel Zomoza, including Dr. Rosado.

WHEREFORE Plaintiff requests this Court enter judgment in his favor, including costs, interest, and other relief this Court deems just and proper.

DATED this 21st day of December, 2016.

Respectfully submitted,

David Pollack, Esq.
540 Brickell Key Drive, Suite C-1
Miami, Florida 33131
Telephone: 305-372-5900
Facsimile: 305-372-5904
Email designations:
david@davidpollacklaw.com
sean@davidpollacklaw.com
eric@davidpollacklaw.com


BY:   /s/David H. Pollack_____
        DAVID H. POLLACK, ESQ.
+     FL BAR #: 955840

# EXHIBIT

# 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Health and Human Services Office of The General Counsel General Law Division Claims and Employment Law Branch | Manuel Zomoza by and through his father and natural guardian Ariel Zomoza 8271 Crespi Blvd., Apt #2 Miami Beach, FL 33141 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 07/09/2013 | single | 03/04/2015 | 10:00 A.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see attached Notice of Intent and Affidavit of Dr. William Bonadio

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Manuel Zomoza suffered a stroke associated with bacterial endocarditis due to Kingella Kingae. Manuel has undergone multiple surgeries and continues to suffer from neurological and developmental deficits. Please see attached medical records

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Ariel Zomoza | 8271 Crespi Blvd., Apt #2 Miami Beach, FL 33141 |
| Natalie Crespo | 8271 Crespi Blvd., Apt #2 Miami Beach, FL 33141 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Ø | $5,000,000.00 | Ø | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 305-372-0123 | 2/26/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim **is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT

# 2

# KAIRE & HEFFERNAN, LLC
## Attorneys at Law

80 S.W. 8th Street, Suite 1710
Miami, Florida 33130
Telephone (305) 372-0123
Fax (305) 374-4348
Mark A. Kaire
E-mail: mark@kairelaw.com
www.kairelaw.com

February 23, 2016

**CERTIFIED MAIL / Return Receipt Requested**
**#7009 2250 0003 9056 1997**
Karen Mitchell Rosado Gonzalez
1221 71st Street
Miami Beach, FL  33141

|     | | |
|-----|------------------|---------------------|
| RE: | **Patient's Name** | **: Manuel Zomoza** |
|     | **Father's Name**  | **: Ariel Zomoza**  |
|     | **Patient's DoB:** | **: 7/9/13**        |
|     | **D/Incident**     | **: 3/4/15**        |
|     | **Patient's SSN**  | **: 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**   |

## NOTICE OF INTENT TO INITIATE LITIGATION
## FOR MEDICAL MALPRACTICE

Dear Dr. Rosado:

We represent Manuel Zomoza, minor, by and through his father, Ariel Zomoza.  They reside at 8271 Crespi Boulevard, Apt #2, Miami Beach, Florida 33141.  We are writing pursuant to Florida Statute section 766.106.  Please consider this letter a formal notice of Ariel Zomoza's intention to initiate litigation for medical malpractice against you on behalf of his son, Manuel Zomoza.  This claim arises out of the care and treatment received by Manuel Zomoza while a patient of yours, which care and treatment resulted in permanent injuries to Manuel Zomoza, as well as substantial, emotional and economic damages.

**Please be sure to provide a copy of this letter to all business entities with whom you have any legal relationship.  Pursuant to Florida law, notice to you for this claim is also notice to those entities with which you have a legal relationship.  By putting you on notice, we intend to fully notify all legal entities with which you have a legal relationship.**

Upon your receipt of this letter, you and your insured are required to conduct a good faith investigation to determine liability within ninety (90) days from the date of this letter.  Any communication or response should be addressed to me.

Enclosed is a copy of the Verified Medical Opinion signed by William Bonadio, M.D., pursuant to Florida Statutes section 766.203.  Attached please find the following records reviewed by Dr. William Bonadio:

1. **Pediatric records – Dr. Karen Rosado;**
2. **Joe DiMaggio Children's Hospital – Admission – 2/21/15;**
3. **Memorial Hospital - Admission – 2/23/15;**
4. **Memorial Hospital – Admission – 2/28/15;**
5. **Jackson Memorial records & labs.**

Additionally, pursuant to Florida Statutes section 766.106(2)(a), provided below is a list of Manuel Zomoza's health care providers during the 2-year period **prior** to the alleged acts of negligence:

   * **Dr. Karen Rosado, Pediatrician / PCP.**
   * **Dr. Richard Zakheim – Cardiologist.**

**Manuel Zomoza's** health care providers **subsequent** to alleged acts of negligence:

   * **Jackson Memorial Hospital**
   * **Dr. Dario Lirma (Pediatrician)**
   * **Dr. Sarah Jernigan (Neuro Surgeon)**
   * **Dr. Alyssa Pensirikul (Neurologist)**
   * **Dr. Delia Rivera-Hernandez (Pediatric Infectious Disease / G-Tube)**
   * **Dr. Satinder Sandhu (Cardiologist)**

Enclosed you will also find an Authorization for Release of Protected Health Information pursuant to Florida Statutes section 766.1065.

It is possible that Ariel Zomoza, does not recall some treating health care providers who may have provided treatment during this period to Manuel.  If, by reviewing the medical records or by other means, you believe Manuel Zomoza may have been treated by others, please bring those individuals to my attention and I will be happy to respond to any inquiry you make for healthcare providers during this 2 year period.  To assist me in responding to such an inquiry, please provide me with the source of your belief that the provider identified may have provided care to Manuel Zomoza.

If you would like to take the unsworn statement of any physician who provided treatment to Manuel Zomoza, that would be relevant to this matter, please advise me.

If you carry medical malpractice insurance which provides, or might provide, liability insurance coverage for these claims, please direct this letter immediately to your insurance company. Please consider this letter a demand, pursuant to Florida Statutes section 627.4137, for a statement from your insurance carrier which provides the following information:

   1. The name of each of your insurers, including excess coverage;

   2. The name insured on each policy which does or may provide coverage to you;

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

3.  The limits of liability coverage on each policy, including excess coverage;

4.  A Statement of any policy or coverage defenses which such insurer reasonably believes is available to such insurer at the time of filing such statement; and

5.  A copy of the policy or policies, including excess coverage.

Florida Statute §766.106(3)(a) provides that no suit shall be filed for a period of 90 days after notice is served upon a prospective defendant. During this 90-day period, you or your insurer are to conduct a good faith investigation of this claim employing one of the several procedures provided for in the statute.

I am sure you are well aware that any unreasonable failure to comply with this section justifies the dismissal of defenses in the event a subsequent lawsuit is filed.

Furthermore, please note that should you deny the claim without a reasonable basis, Florida Statute Section 766.206 allows for a motion to be filed to determine whether a "denial rests on a reasonable basis" and deems the following: "(3) If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements of ss. 766.201-766.212, including a review of the claim and a verified written medical expert opinion by an expert witness as defined in s. 766.202, **the court shall strike the defendant's pleading**." Accordingly, should you deny the claim without proper investigation and a reasonable basis, such a motion will be prepared.

The purpose of the 90-day investigatory period is to allow all parties concerned with the matter to have an opportunity to determine the validity of claim, fairly assess the extent of damages and hopefully, resolve the matter without the necessity of a lawsuit. It is my intent to fully cooperate with you and your agents; therefore, I expect reciprocity. In the event you or your representative fails to comply with the requirements contained within the statutes, then I will move to strike any and all defenses raised in response to a lawsuit, if one is ultimately filed.

Pursuant to the requirements of Section 766.203, as mentioned-above, I am enclosing a copy of the verified Affidavit of William Bonadio, M.D. To the best of my knowledge, William Bonadio, M.D., has never been found guilty of fraud or perjury in any jurisdiction.

The parties receiving a notice of intent concerning this claim is/are:

**Karen Mitchell Rosado Gonzalez**
**1221 71st Street**
**Miami Beach, FL  33141**

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

**Dr. Michael Weiss**
**1000 Venetian Way**
**#114**
**Miami, FL  33139**

**And**

**Joe DiMaggio Children's Hospital**
**1005 Joe DiMaggio Drive**
**Hollywood, FL  33021**
**South Broward Hospital District**
**3501 Johnson Street**
**Hollywood, FL  33021**

In addition to the above, Section 766.106(6), Florida Statutes, provides that:

> "Upon receipt by a prospective defendant of a notice of claim, the parties
> shall make discoverable information available without formal discovery.
> Failure to do so is grounds for dismissal of claims or defenses ultimately asserted."

Accordingly, I ask that within 20 days, either you or your representative, respond in writing to the requests below and forward the following materials:

1. Please state the name, address, occupation and employer of the person or persons investigating this claim and the specific investigative procedure used to evaluate this claim as specified in Section 766.106(3)(a), Florida Statutes.

2. Please forward **color laser copies of all original medical records**, written notes, x-rays, bills, photographs and any other pertinent document or report concerning the treatment of Manuel Zomoza.  Please understand this request asks you to provide copies of every written note or communication you have regarding whether it be notes in/on your file jacket, correspondence, telephone notes, or anything of the like.

3. If any other written document or report concerning your treatment of Manuel Zomoza is believed to exist but is not in your possession or control, please describe the document or report and provide the present location and custodian of the same.

4. Copies of any and all rules, regulations, policies, procedures, protocols, and bylaws, or other written documentation of any type pertaining to the care and treatment provided to Manuel Zomoza which were in effect in 2015, including but not limited to care, treatment, and follow-up protocol for patients with persistent fever and tachycardia.  (An index to these may be provided from which a selection can be made).

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

5. Please provide the full names and present addresses of all witnesses to your treatment of Manuel Zomoza and all persons having knowledge of such treatment. In addition to their names and present addresses, please briefly indicate each individual's interest in this matter, i.e., treating nurse, receptionist, eyewitness, etc., and the subject matter of their knowledge. Please do not respond by stating: "Please refer to medical records" or some similar response. The purpose of this request is to determine if there are any individuals that may have knowledge of facts that are material to the issues involved in this matter.

6. Have any of the people named in # 5 ever had their privileges at any hospital suspended or revoked, or have they ever been disciplined by any state Board of Medicine where an administrative complaint was filed against them? If so, please state the name of the complainant(s), the nature of the complaint, place of occurrence and assigned case number.

7. If it is your contention that someone other than employees, agents, or servants were responsible in whole or in part for the occurrence of any of the negligence alleged above, please state each person's name, address, job title, along with the facts which you base your contention that person was responsible. In light of the Supreme Court's decision in Fabre, it would be prejudicial to my client for you not to identify any third party persons during the pre-suit screening period only to attempt to avoid or mitigate your liability during subsequent litigation by alleging or arguing that someone other than yourself was wholly or partially responsible. Please understand the undersigned will take appropriate action to prevent you from alleging or arguing that someone other than yourself was responsible should you fail to promptly and fully comply with this request.

8. Complete copies of all employment contracts, indemnity agreements, co-operation agreements and joint defense agreements between you, and any other staff or any individual, Professional Association(s), corporation(s), partnership(s), and any other entities(ies) relating to, the provision of services rendered to Manuel Zomoza and in effect during February 2015.

9. Taking into consideration everything you know regarding Manuel Zomoza and the condition for which you rendered treatment, state whether or not in your opinion any adverse outcome alleged by my clients could have been avoided had some step been taken by my clients during his course of treatment. Please describe which steps you feel could or should have been taken to prevent the outcome.

10. Taking into consideration everything you know regarding Manuel Zomoza and the condition for which you rendered treatment, state whether or not in your opinion any adverse outcome alleged by my clients could have been avoided had he not done something that he in fact, did. Please describe what you feel my clients did that contributed to his injuries.

# KAIRE & HEFFERNAN, LLC
## Attorneys at Law

11. Please state the name and address of your medical malpractice insurance carrier, as well as the type and amount of coverage available to you as protection against this claim. Please provide a copy of your group's insurance policy or policies.  If insurance coverage is not available, please explain the methods of compliance with Florida Financial Responsibility Statute Section 458.320 that will protect you against loss of your Florida medical license.

12. Do you claim sovereign immunity?  If so, please describe in detail the basis for your claim that you are entitled to sovereign immunity.

13. If you believe this claim is not meritorious or, if you feel the case may have merit against others but you should not be a defendant, or if you know facts that exculpate you, please explain. We expect you to fully explain the basis of any defense you intend to raise should this claim result in litigation. Please give facts, not conclusions that your care was acceptable.

14. Please provide a copy your Curriculum Vitae.

15. Please provide a copy of the schedule for each and every day in which you saw and treated Manuel Zomoza. This request should include a copy of your entire schedule/appointments for each day you saw Manuel Zomoza. You may delete the names of any other patients reflected on the schedule, but please do not delete any other information, specifically, the dates and times of each appointment and the services rendered.

16. With respect to your fees for services rendered to Manuel Zomoza, please:

    a.    State the total amount of your services

    b.    State the amount you were paid;

    c.    Provide an itemized statement of your charges;

    d.    Identify if there are any amounts of charges under dispute or under appeal;

    e.    Identify the person or entity that paid the bill for your services;

    f.    Provide a copy of any contract or agreement that was in force between you and the person or entity that paid the bill for your services;

    g.    Provide copies of all letters, appeals, telephone memos or other means of communication between you, and the person or entity that paid the bill for your services to.

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

17. Do you contend that William Bonadio, M.D. does not meet the criteria of §766.102(5), Florida Statutes? If so, please state in detail every fact upon which you base that contention.

18. Please indicate whether any person or entity is, or may be vicariously liable for your negligence, if the allegations of negligence as set forth in the enclosed Affidavit(s) are proven.

19. Do you contend that the actions or omissions of any person or entity caused or contributed to the injuries of Manuel Zomoza? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified such person or entity of your contention.

20. Do you contend that any person or entity is or may be liable in whole or in part to you for damages resulting from the injuries of Manuel Zomoza? If so, state the full name and address of each such person or entity, the legal basis for the contention, the facts or evidence upon which the contention is based, and whether or not you have notified each such person or entity of the contention.

21. List the name, address, and telephone number and last known employer of all persons who are believed or known by you to have any knowledge concerning the care and treatment received by Manuel Zomoza while your patient, during February 28, 2015 and specify the subject matter about which the witness has knowledge.

22. Do you know of any statement or remark made by Manuel Zomoza's parents concerning his medical care? If so, state the name, address, telephone number and last known employer of each person who heard the statement(s) and the date, time, place and precisely what was said in each statement.

23. Please advise whether or not you reported any incident involving the care of Manuel Zomoza pursuant to the requirements of Section 395.0197(6), Florida Statutes.

24. Please provide a copy of any and all reports and labs requested regarding Manuel Zomoza.

25. Please state the name and address of any entities, or persons with whom you had a legal relationship regarding the practice of medicine during the period of time you treated Manuel Zomoza. Please include in your response the name and address of any medical group whom you allowed to practice at the time relevant to this claim. Please provide copies of any contracts or agreements between you and these entities.

# KAIRE & HEFFERNAN, LLC
## Attorneys at Law

Please pay particular attention to requests 19 and 20.  We are relying upon your responses to determine whether to place any other health care provider on notice of this claim.

Please understand that, except as to health care providers and other individuals or entities disclosed in response to requests 19 and 20, we intend to ask the Court, should it be necessary to proceed with the filing of a lawsuit, to prohibit any argument and the introduction of any evidence regarding the negligence or fault of others.

You are required to cooperate with us in good faith during the pre-suit screening period.  The failure to fully and completely respond to requests 19 and 20 violates the good faith requirement of the law and will justify dismissal of your defenses if it becomes necessary to file a civil action.

Please direct any further inquiries with regards to this matter to my attention.

Very truly yours,

Mark A. Kaire

MAK/tc

cc:     Insurance Commissioner
        State of Florida
        The Capitol
        Tallahassee, FL 32301
        **Certified Mail / Return Receipt Requested**
        **#7009 2250 0003 9056 1980**

# KAIRE & HEFFERNAN, LLC
## Attorneys at Law

# EXHIBIT

# 3

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MANUEL ZOMOZA, minor, by and through
ARIEL ZOMOZA, as parent, natural guardian,
and next friend,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## CERTIFICATE OF COUNSEL

STATE OF FLORIDA      )
                    ) SS:
COUNTY OF MIAMI-DADE)

      BEFORE ME the undersigned authority, personally appeared, MARK A. KAIRE, whose name is subscribed to the within instrument, and he acknowledges that he executed same and who states that a reasonable investigation gave rise to good faith belief that grounds exist for a cause of action against the named Defendant in this matter.

                                   _____
                                   MARK A. KAIRE

SWORN TO AND SUBSCRIBED this 21 day of December, 2016.

                                   _____
                                   NOTARY PUBLIC, STATE OF FLORIDA
                                   My Commission Expires:

**x**      Personally known

                         **TERESA CRUZ**
                   MY COMMISSION # GG000763
                   EXPIRES June 09. 2020
       (407) 398-0153   FloridaNotaryService.com

# EXHIBIT

# 4



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2600
Washington, DC 20201

OCT 2 4 2016

**CERTIFIED-RETURN**
**RECEIPT REQUESTED**
Mark A. Kaire, Esq.
Kaire & Heffernan, LLC
999 Brickell Avenue, PH1102
Miami, FL 33131

      Re:   **Administrative Tort Claim of Ariel Zomoza, as Father and Natural**
             **Guardian of M. Z., a Minor**
             **Claim No. 2016-0290**

Dear Mr. Kaire:

On March 10, 2016, you presented an administrative tort claim under the Federal Tort Claims
Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, on behalf of your client, Ariel Zomoza, as father
and natural guardian of M. Z., a minor. The administrative tort claim alleged that, on March 4,
2015, Dr. Karen Rosado and Miami Beach Community Health Center, in Miami, Florida,
rendered negligent medical care and treatment to M. Z., resulting in M. Z. suffering a stroke, on
March 6, 2015, secondary to mitral valve bacterial endocarditis. By letter dated July 7, 2016,
your client's administrative tort claim was denied, and you were notified of the right to request
reconsideration within six months from the date of mailing of the denial letter. On September 7,
2016, this agency received your client's request for reconsideration. The agency now responds
to your client's request for reconsideration with regard to this administrative tort claim.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against
the United States for, inter alia, injury caused by the negligent or wrongful act or omission of any
employee of the Federal government while acting within the scope of employment under
circumstances where the United States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission occurred. This letter constitutes
the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b) (1994).

Your client's claim was initially denied because the evidence failed to establish that any of your
client's alleged injuries were due to the negligent or wrongful act or omission of a federal
employee acting within the scope of employment. We have again reviewed your client's claim,
and determined that the initial decision denying your client's claim was correct. Accordingly,
the administrative tort claim of Ariel Zomoza, as father and natural guardian of M.Z., is denied.
If you are dissatisfied with this determination, you are entitled to file suit against the United

Mark A. Kaire, Esq.
<u>Administrative Tort Claim of Ariel Zomoza, as Father and Natural Guardian of M. Z., a Minor</u>
Page 2

States in the appropriate federal district court within six (6) months from the date of mailing of
this determination (28 U.S.C. § 2401(b)).

Sincerely,

William A. Biglow (*by jca*)

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

# EXHIBIT

# 5



# DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369
Fax: (202) 691-2035

July 7, 2016

## U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED
(Article No. 7006 0100 0002 1488 8564)

Mark A. Kaire, Esq.
Kaire & Heffernan, LLC
Attorneys at Law
80 SW. 8th Street, Suite 1710
Miami, Florida 33130

Re: **Administrative Tort Claim of Ariel Zomoza, as Father and Natural Guardian
of M. Zomoza, a Minor, Claim No. 2016-0290**

Dear Mr. Kaire:

On March 10, 2015, you filed an administrative tort claim under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Ariel Zomoza, as
father and natural guardian of M. Zomoza, a minor, alleging, *inter alia*, that, on March 4, 2016,
Dr. Karen Rosado and Miami Beach Community Health Center, located in Miami, Florida,
committed medical malpractice by failing to order lab tests, conduct a cardiac evaluation,
diagnose and treat M. Zomoza for bacterial endocarditis which would have prevented M.
Zomoza from having a stroke.

The FTCA authorizes the settlement of any claim of money damages against the United States
for, *inter alia*, injury or death caused by the negligent or wrongful act or omission of any
employee of the federal government, while acting within the scope of employment.  Under the
FTCA , said act or omission must be such that the United States, if a private person, would be
liable to the claimant in accordance with the law of the place where the act or omission occurred.
28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as
required by 28 U.S.C. §§ 2401(b), 2675(a).  The administrative tort claim of Ariel Zomoza, as
father and natural guardian of M. Zomoza, a minor, is denied.  The evidence fails to establish that
the alleged injuries were due to the negligent or wrongful act or omission of a federal employee
acting within the scope of employment.

Page 2- Mark A. Kaire, Esq.

If your client is dissatisfied with this determination, he may:

1.  file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2.  file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort claim within six (6) months from the date the request is received.  If the reconsidered administrative tort claim is denied, he may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

William A. Biglow (by jca)

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

# EXHIBIT

# 6

# KAIRE & HEFFERNAN, LLC

**Attorneys at Law**

999 Brickell Avenue, PH 1102
Miami, Florida 33131
Telephone (305) 372-0123
Fax (305) 377-4222
Mark A. Kaire
E-mail: mark@kairelaw.com
www.kairelaw.com

September 6, 2016

**CERTIFIED MAIL Return Receipt Requested**
**#7009 2250 0003 9056 3229**
William Biglow
Deputy Associate General Counsel
Dept of Health & Human Services
330 C. Street S.W.
Switzer Building – Suite 2600
Washington, DC  20201

> RE:    Ariel Zomoza, as Father and Natural Guardian of Manuel Zomoza, a minor
> Claim No.:  2016-0290

Dear Mr. Biglow:

This letter serves to acknowledge receipt of your correspondence date July 7, 2016, advising that the claim of Manuel Zomoza, a minor, was denied, and "that the evidence presented failed to establish that the injuries were due to the negligent or wrongful act or omission of a Federal Employee acting within the scope of employment."

Please accept this correspondence as our Notice for Reconsideration:

Pursuant to 28 C.F.R. §14.9, Ariel Zomoza, as father and natural guardian of Manuel Zomoza, a minor, hereby request that the Department of Health and Human Services reconsider its July 7, 2016 final determination denying the claim submitted February 29, 2016 that the treatment rendered by Karen Rosado, M .D., at Miami Beach Health Center, Inc., fell below the standard of care and as a result thereof, Manuel Zomoza sustained a permanent injury.

For your review and consideration I am enclosing the following documentation:

- Standard Form 95 (previously submitted February 29, 2016);

- Affidavit of Dr. William Bonadio (previously submitted February 29, 2016);

- Dept of Health and Human Services letter denying the claim dated July 7, 2016.

- Life Care Plan dated 8/9/16;

- CDC Report on Kingella Kingae.

In its July 7, 2016 letter dying Manuel Zomoza's claim, the Dept of Health and Human Services simply stated that the administrative tort claim of Ariel Zomoza, as father and natural guardian of M. Zomoza, a minor, is denied.  The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a Federal Employee acting within the scope of employment.  The denial letter did not substantiate the reasons for the denial.  It is respectfully submitted that the determination is wrong and that the Department of Health and Human Services should reconsider its denial.

## FACTS

Manuel Zomoza was born July 9, 2013 and was in good health.  Manuel's pediatrician was Dr. Karen Rosado.

Manuel's first visit to Dr. Rosado was July 15, 2013 (6 days old) for a well-child exam.  Dr. Rosado remained Manuel's pediatrician through 2015.

On February 16, 2015 Manuel presented to Dr. Rosado's office with complaints of nose and chest congestion, and cough.  Manuel was diagnosed with acute bronchiolitis and was discharged.

On February 21, 2015, Manuel's parents took him to the emergency room at Joe DiMaggio Children's Hospital for evaluation of persistent fever.  The history taken revealed fever onset of 2 days prior to evaluation (2/19).  The records from Joe DiMaggio Children's Hospital were sent to Dr. Rosado as Manuel's primary healthcare physician.

On February 22, 2015, Manuel's parents took him to the emergency room at Joe DiMaggio Children's Hospital for evaluation of continued fever.  The records from Joe DiMaggio Children's Hospital were sent to Dr. Rosado as Manuel's primary healthcare physician.

On February 24, 2015, Manuel's parents took him to Dr. Rosado's office for evaluation of decreased appetite and continued fever. On said visit Dr. Rosado was aware that Manuel began exhibiting symptoms as far back as February 16, 2015 and had fever dating back to February 19, 2015.

On February 25, 2015 Manuel's parents again took him back to Dr. Rosado's office for evaluation of a rash.

On February 28, 2015 Manuel's parents took him to Joe DiMaggio Children's Hospital for evaluation of persistent fever.  The records from Joe DiMaggio Children's Hospital were sent to Dr. Rosado as Manuel's primary healthcare physician.  A review of the records would have indicated that Manuel had a persistent fever and an elevated heart rate.

On March 4, 2015 Manuel's parents again took him to Dr. Rosado's office for persistent fever and an elevated heart rate.  Manuel was diagnosed with a viral infection.

On March 6, 2015 Manuel suffered a stroke and he was admitted to Jackson Memorial Hospital.

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

On March 7, 2015 Manuel Zomoza was diagnosed as having a stroke associated with bacterial endocarditis, due to Kingella Kingae.

## STANDARD OF CARE

The Standard of Care as per the Affidavit of Dr. William Bonadio, Board Certified Pediatrician, is:

> Based on Manuel Zomoza's continued fever of [at least] 11 days duration [and possibly longer] and persistent tachycardia should have prompted ordering lab tests to further investigate the cause of fever; specifically, but not limited to, CBC, blood culture, and inflammatory markers [ESR and CRP] to determine if there was evidence of a bacterial infection. In addition, the possibility of bacterial endocarditis warranted cardiology consultation and performance of an echocardiogram. This expanded differential was appropriate to consider because typically it is inconsistent for a child with uncomplicated viral infection to exhibit ongoing daily fever for more than 5 days, persistent fever beyond this interval, especially when associated with abnormal vital signs, can be indicative of a serious underlying process."

## CAUSATION

It is likewise the opinion of Dr. Bonadio that had Dr. Rosado ordered labs on March 4, 2015, the results would more likely than not have indicated the risk for bacterial infection, and an echocardiogram performed at that time would have shown evidence of bacterial endocarditis which would have prompted further evaluation and treatment, thus preventing the stroke which Manuel Zomoza experienced two days later. Further, the CDC had warned medical providers of the rise in Kingella Kingae bacteria in children who attend daycare. Manuel was in daycare.

## CONCLUSION

Manuel Zomoza presented to the office or Dr. Rosado in Miami Beach Health Center over a period extending 16 days. In addition thereto, Manuel was evaluated and treated at Joe DiMaggio Children's Hospital and records were forwarded to Manuel's pediatrician, Dr. Karen Rosado. The Standard of Care requires that after seven (7) days a medical provider draw labs and further investigate a child's fever. Dr. Rosado failed to draw labs despite the persistent fever and elevated heart rate.

Had Dr. Rosado drawn labs, the results would have indicated a bacterial infection and a diagnosis of bacterial endocarditis would have been made and prevented the stroke that Manuel sustained March 6, 2015.

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law

For your further review and consideration I am enclosing Manuel's Life Care Plan that sets forth the medical care and treatment that Manuel will require as a result of Dr. Rosado's departure from the standard of care.

Please thoughtfully accept this correspondence as our request for reconsideration.

Thank you for your anticipated help and cooperation in this matter, and if you have any questions please do not hesitate to contact me.

Very truly yours,

Mark A. Kaire

MAK/tc

cc:     U.S. Dept. of Health & Human Services – Claims
        Sent via fax:  202-691-2035
        Sent via fax:  202-619-2922

# KAIRE & HEFFERNAN, LLC
### Attorneys at Law